# EXHIBIT A

IN THE CIRCUIT COURT FOR Montgomery County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

FORM FILED BY: ☒PLAINTIFF  ☐DEFENDANT    CASE NUMBER C-15-CV-22-002102
(Clerk to insert)

CASE NAME: Cindy Morales         vs.   Estate of Waqas Tahir Khan, et al.
                  Plaintiff                                    Defendant

PARTY'S NAME: Cindy Morales                     PHONE:

PARTY'S ADDRESS: 17709 Norwood Rd., Sandy Spring, MD 20860

PARTY'S E-MAIL:

If represented by an attorney:
PARTY'S ATTORNEY'S NAME: James R. Hoffmann, Jr.         PHONE: 240-292-7200
PARTY'S ATTORNEY'S ADDRESS: 2730 University Blvd., West, Suite 604, Wheaton, MD 20902
PARTY'S ATTORNEY'S E-MAIL: jhoffmann@jezicfirm.com

JURY DEMAND? ☒Yes ☐No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known:

ANTICIPATED LENGTH OF TRIAL?: _____ hours  3 days

### PLEADING TYPE

New Case:    ☒Original          ☐Administrative Appeal   ☐Appeal
Existing Case: ☐Post-Judgment   ☐Amendment

*If filing in an existing case*, skip Case Category/Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☒ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)       Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☒ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above*, mark one of the following. This information is **not** an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☒ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $_____     ☐ Wage Loss $_____     ☐ Property Damages $_____

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

- A. Mediation       ☐ Yes  ☒ No
- B. Arbitration     ☐ Yes  ☒ No
- C. Settlement Conference   ☒ Yes  ☐ No
- D. Neutral Evaluation      ☐ Yes  ☒ No

| SPECIAL REQUIREMENTS |
|---|

☒ If a Spoken Language Interpreter is needed, check here and attach form CC-DC-041

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, check here and attach form CC-DC-049

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*     *(Case will be tracked accordingly)*

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☒ 3 days of trial time
- ☐ More than 3 days of trial time

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

- ☐ Expedited - Trial within 7 months of Defendant's response
- ☐ Standard - Trial within 18 months of Defendant's response

| EMERGENCY RELIEF REQUESTED |
|---|

CC-DCM-002 (Rev. 04/2017)          Page 2 of 3

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) |
|---|
| *FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*<br><br>☐ Expedited - Trial within 7 months of Defendant's response     ☐ Standard - Trial within 18 months of Defendant's response |

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

| CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE) | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☐ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff............................................. . |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

| CIRCUIT COURT FOR BALTIMORE COUNTY | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

5/24/22
Date

2730 University Blvd., West, Suite 604
Address

Wheaton     MD     20902
City     State     Zip Code

*Signature of Counsel / Party*

James R. Hoffmann, Jr.
Printed Name

CC-DCM-002 (Rev. 04/2017)     Page 3 of 3

# IN THE CIRCUIT COURT OF MARYLAND FOR MONTGOMERY COUNTY

CINDY MORALES
17709 Norwood Rd.
Sandy Spring, MD 20860

    *Plaintiff,*

vs.

ESTATE OF WAQAS TAHIR KHAN
Serve on:   Andleeb Khan, Personal Representative
             15607 Northgate Dr.
             Dumfries, VA 22025

    and

LYFT, INC.
2300 Harrison St.
San Francisco, CA 941110
Serve on:   The Corporation Trust, Inc.
             2405 York Rd., Suite 201
             Lutherville-Timonium, MD 21093-2264

    *Defendants*

Civil No. C-15-CV-22-002102

## COMPLAINT

Comes now the Plaintiff, Cindy Morales, by and through her attorneys, James R. Hoffmann, Jr. and Jezic & Moyse, LLC, and hereby brings her causes of action against Defendants Estate of Waqas Tahir Kahn and lyft, Inc., and in support thereof states as follows:

### Jurisdiction

1.    Jurisdiction of this Court is based on Title VI, Courts and Judicial Proceedings Article, Sections 103 and 202 of the Annotated Code of Maryland.

### Parties

2. Plaintiff, Cindy Morales, is an adult and, at all relevant times hereto, a resident of Montgomery County, Silver Spring, MD.

3. Defendant Estate of Waqas Tahir Khan is a Virginia estate, Estate No. 2006-5233 in Prince William County, Virginia.

4. Defendant lyft, Inc. "lyft" is a California corporation doing business in Montgomery County, Maryland.

## Factual Background

5. On or about March 1, 2020, Plaintiff contacted Defendant lyft through its lyft application to arrange for transportation home from a friend's house.

6. Waqas Tahir Khan ("Mr. Khan") responded to Plaintiff's location on behalf of lyft. Mr. Khan's vehicle was clearly and prominently adorned with a lyft "amp" (a brightly-colored light with the name "lyft") on the dashboard. Plaintiff entered the car and Mr. Khan began driving Plaintiff home.

7. Mr. Khan, with Plaintiff on board, was traveling northbound on Layhill Rd. in Montgomery County, MD. Mr. Khan was driving aggressively, tailgating another vehicle on the single-lane road.

8. As the vehicles approached Norbeck Rd., a turn lane opened up to the right.

9. The vehicle in front of Mr. Khan entered the turn lane.

10. Mr. Khan immediately and rapidly accelerated past the other driver that he had been tailgating. Although Mr. Khan was facing a flashing red light, he continued accelerating and he drove into the intersection.

11. Mr. Khan drove directly in front of a vehicle traveling on Norbeck Rd. that was

2

being driven by Aaron Pugh.

12. Mr. Pugh's vehicle struck the side of Mr. Khan's vehicle with tremendous force.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT ESTATE OF WAQAS TAHIR KHAN

13. Plaintiff incorporates Paragraphs 1 through 12 as if set forth herein.

14. At all times relevant hereto, Mr. Khan owed a duty to operate his vehicle in a safe manner, free from negligence and with due regard for the safety of other persons.

15. Mr. Khan breached that duty by, *inter alia,* (a) failing to keep a proper lookout; (b) failing to pay full time and attention to the traffic conditions; (c) failing to keep a proper distance from other vehicles; (d) failing to yield the right of way; (e) failing to bring his vehicle to a stop at the flashing red signal, and (f) negligently operating a vehicle, causing the collision.

16. As a direct and proximate result of the negligent acts of Mr. Khan and through no contributory negligence on the part of Plaintiff, Plaintiff suffered, and will continue to suffer, serious physical injuries as well as great pain and suffering.

17. As a direct and proximate result of the aforesaid injuries, Plaintiff has incurred, and shall in the future continue to incur, lost wages, property damage, and hospital, medical, and nursing care expenses. Plaintiff also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and was otherwise damaged.

18. Mr. Khan is now deceased; and Mr. Khan's estate, Defendant Estate of Waqas Tahir Khan, is responsible for Mr. Khan's negligence as stated herein.

WHEREFORE, Plaintiff, Cindy Morales, demands judgment of and from Defendant Estate of Waqas Tahir Khan in an amount to be determined at trial but in excess of $75,000.00 in

compensatory damages, with interests and costs.

### COUNT II – NEGLIGENCE AGAINST DEFENDANT LYFT, INC.

19. Plaintiff incorporates Paragraphs 1 through 12 as if set forth herein.

20. At all times relevant hereto, Defendant lyft owed a duty to operate its vehicle in a safe manner, free from negligence and with due regard for the safety of other persons.

21. Defendant lyft breached that duty by, *inter alia,* (a) failing to keep a proper lookout; (b) failing to pay full time and attention to the traffic conditions; (c) failing to keep a proper distance from other vehicles; (d) failing to yield the right of way; (e) failing to bring its vehicle to a stop at the flashing red signal, and (f) negligently operating a vehicle, causing the collision.

22. As a direct and proximate result of the negligent acts of Defendant lyft and through no contributory negligence on the part of Plaintiff, Plaintiff suffered, and will continue to suffer, serious physical injuries as well as and great pain and suffering.

23. As a direct and proximate result of the aforesaid injuries, Plaintiff has incurred, and shall in the future continue to incur, lost wages, property damage and hospital, medical, and nursing care expenses. Plaintiff also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and was otherwise damaged.

WHEREFORE, Plaintiff, Cindy Morales, demands judgment of and from Defendant lyft, Inc. in an amount to be determined at trial but in excess of $75,000.00 in compensatory damages, with interests and costs.

### COUNT III – *RESPONDEAT SUPERIOR* AGAINST LYFT, INC.

24. Plaintiff incorporates Paragraphs 1 through 12 as if set forth herein.

25. At all times relevant hereto, Mr. Khan owed a duty to operate his vehicle in a safe manner, free from negligence and with due regard for the safety of other persons.

26. Mr. Khan breached that duty by, *inter alia,* (a) failing to keep a proper lookout; (b) failing to pay full time and attention to the traffic conditions; (c) failing to keep a proper distance from other vehicles; (d) failing to yield the right of way; (e) failing to bring his vehicle to a stop at the flashing red signal, and (f) negligently operating a vehicle, causing the collision.

27. As a direct and proximate result of the negligent acts of Mr. Khan and through no contributory negligence on the part of Plaintiff, Plaintiff suffered, and will continue to suffer, serious physical injuries as well as great pain and suffering.

28. . As a direct and proximate result of the aforesaid injuries, Plaintiff has incurred, and shall in the future continue to incur, lost wages, property damage, and hospital, medical, and nursing care expenses. Plaintiff also has suffered, and shall continue to suffer great pain, suffering, mental anguish and disability, and was otherwise damaged.

29. At all relevant times, Mr. Khan was employed by or acting as the agent of Defendant lyft.

30. At all relevant times, Mr. Khan was on duty.

31. At all relevant times, Mr. Khan was driving a vehicle bearing the name "lyft".

32. At the time of the crash, Mr. Khan was carrying Plaintiff as a passenger and fares were accruing.

33. At all relevant times, Mr. Khan was acting within the scope of his agency or employment by Defendant lyft.

34. Mr. Khan's acts and omissions caused injuries and damages to Plaintiff.

5

35. Defendant lyft is responsible for Mr. Khan's negligence as stated herein.

WHEREFORE, Plaintiff, Cindy Morales, demands judgment of and from Defendant lyft, Inc. in an amount to be determined at trial but in excess of $75,000.00 in compensatory damages, with interests and costs.

Respectfully submitted,

_____
James R. Hoffmann, Jr.
CPF No.: 9412140060
JEZIC & MOYSE, LLC
2730 University Blvd., West, Suite 604
Wheaton, Maryland 20902
Tel. (240)292-7200
Fax (240)292-7225
Email: jhoffmann@jezicfirm.com
*Attorneys for Plaintiff Cindy Morales*

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues triable of right by a jury.

_____
James R. Hoffmann, Jr.

6